UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:09-CR-10-01-TWP-MGN |
| | ) | |
| RONALD BAKER | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, U.S. District Court Judge, on November 16, 2010, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on November 17, 2009, and to submit to Judge Pratt proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e) and (g). All proceedings were held on November 18, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583. Mr. Baker appeared in person and with CJA Counsel, Frank Campisano. The Government appeared by James Warden, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583:

1. On November 18, 2010, Frank Campisano, CJA Counsel, was present to represent Mr. Baker in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Baker and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Baker and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Baker was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Baker was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Baker was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Baker was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Baker had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Baker, by counsel, stated his readiness to waive the preliminary hearing and to proceed with the revocation hearing. Mr. Baker then waived, in writing, the preliminary hearing.

8. The parties then advised the Court that they had reached an agreement which they wished to submit to the Court.

The parties stipulated the following in open Court:

(a) As to Violation Numbers 1 thru 7 of the Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated these conditions.

(b) The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve ten (10) months of imprisonment with an additional six (6) months of imprisonment due to the unserved sentence at a community correction center ordered on 9/24/2010. The resulting sentence would be sixteen (16) months with no term of supervised release to follow.

9. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 thru 7 of said Petition. The Court then placed Mr. Baker under oath and inquired of him whether he admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Mr. Baker admitted the violations contained in Violation Numbers 1 thru 7. The Court specifically inquired of Mr. Baker whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Baker that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Baker answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 thru 7. The violations are summarized as follows:

**Violation Number**　　**Nature of Noncompliance**

    **1**　　**"The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision."**

The offender failed to report for drug abuse counseling sessions on August 10, October 19, and October 28, 2009. The offender failed to report for random drug tests on September 8, October 5, 6, 15, 19, and 23, 2009.

2     **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

On September 10, 2009, the offender voluntarily admitted he consumed methamphetamine on three occasions after becoming discouraged due to his inability to secure employment or a stable residence. The offender tested positive for methamphetamine on August 25, September 9 and 28, and October 7, 2009. It is noted a urine sample collected on September 22, 2009, was too dilute to test; however, the offender noted on the chain of custody he had consumed methamphetamine.

3     **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

4     **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

5     **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

6     **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

7     **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

Since beginning supervision in this district, the offender has resided with his parents at 1007 Springdale Drive in Jeffersonville, Indiana. On August 31, 2009, the offender admitted he was not living at this address, and he was unable to provide the location of his actual residence or the names of his housemates. Upon further questioning, he advised he was residing at a methamphetamine lab in Louisville, Kentucky. This officer instructed him to begin residing at the Springdale address and reminded him that he must notify the probation officer prior to changing his residence.

On September 9, 2009, this officer learned the offender was not residing at the Springdale address. On September 10, 2009, the offender admitted relocating to the Louisville methamphetamine lab; however, he disclosed the address and names of his housemates. The home owner was determined to be a felon with

open cases related to the production of methamphetamine. The offender was debriefed by narcotics officials from the Louisville Police Department and cooperated fully with their investigation. The offender agreed to modify his supervision conditions to require him to reside in a halfway house and was instructed to begin residing at the Springdale address in the interim pending the Court issuing an order modifying the conditions. Further, he was instructed to report to this officer on October 22, 2009.

On October 20, 2009, after the offender began missing drug testing and counseling appointments, the offender's drug treatment counselor, Karen Cosby, reported his parents called and stated they "had not seen him" recently and he was no longer residing with them; however, they had no information as to where he was staying.

On October 22, 2009, the offender failed to report to his probation appointment. Attempts to reach him failed, as his cellular phone was no longer taking calls and messages left at his parents' residence were unreturned. Mrs. Cosby was expected to meet with him on October 23, 2009, for a drug test, and she agreed to provide the defendant with a letter authored by this officer instructing him to report on October 29, 2009; however, he failed to report to the counseling session, and the letter was never issued.

Mrs. Cosby and this officer began trying to reach the offender via his cellular telephone, but it was disconnected. This officer attempted to contact the offender and his parents at the Springdale address, but was unsuccessful reaching anyone and no return calls were ever provided.

On October 26, 2009, this officer personally delivered an appointment letter to the Springdale address, instructing the offender to report on October 27, 2009. On October 27, 2009, the offender failed to report.

On October 28, 2009, the offender called Mrs. Cosby to cancel his appointment. She instructed him to report to his probation officer immediately and provide his contact information. Later that day, he left this officer a voicemail indicating that he had been trying to reach this officer and would call back on October 29, 2009. He left no further information as to his whereabouts or contact information and was not heard from again.

The offender failed to submit a monthly report form for October 2009 relating his location and contact information. Therefore, as of this date, the offender's whereabouts are unknown, and this officer has no known means of reaching him by telephone, mail, or in person.

10. Based on the information available to the Court, the Court further finds the following:

1) Mr. Baker has a relevant criminal history category of I. *See,* U.S.S.G. § 7B1.4(a).

2) The most serious grade of violation committed by Mr. Baker constitutes a Grade B violation, pursuant to U.S.S.G. § 7B1.1(b).

3) Pursuant to U.S.S.G. § 7B1.4(a) and (b)(3)(A) upon revocation of supervised release, the range of imprisonment applicable to Mr. Baker is 4-10 months. Pursuant to U.S.S.G. § 7B1.3(d), an additional 6 months of imprisonment may be added due to an unserved sentence at a community correction center.

4) The appropriate disposition for Mr. Baker's violation of the condition of supervised release is as follows:

   (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with an additional six (6) months added due to the unserved sentence at a community correction center ordered on September 24, 2010. The resulting total sentence will be sixteen (16) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 thru 7 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Baker shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with an additional six (6) months added, pursuant to U.S.S.G. 7B1.3(d), for a total sentence of sixteen (16) months, with no term of supervised release to follow.

Counsel for the parties and Mr. Baker stipulate that they waive any objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Baker entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Baker's supervised release.

**IT IS SO RECOMMENDED** this  23rd  day of November, 2010.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

James Warden
United States Attorney's Office
james.warden2@usdoj.gov

Frank Campisano
frank@campisanolawoffice.com

U.S. Marshal

U.S. Probation Office